Singh v. Lynch

BIA
Christensen, IJ
A087 997 016

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand sixteen.

PRESENT:
>    DENNIS JACOBS,
>    SUSAN L. CARNEY,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

SUKHWINDER SINGH,
>        *Petitioner,*

>    v.                                        14-3073
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:           Jaspreet Singh, Jackson Heights,
                          New York.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General; Terri J.
                          Scadron, Assistant Director; Manuel

A. Palau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhwinder Singh, a native and citizen of India, seeks review of a July 25, 2014 decision of the BIA, affirming an October 17, 2012 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhwinder Singh,* No. A087 997 016 (B.I.A. July 25, 2014), *aff'g* No. A087 997 016 (Immig. Ct. N.Y. City Oct. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66

2

(2d Cir. 2008). The agency may base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether [they go] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on discrepancies between Singh's testimony and his earlier sworn statements during a credible fear interview. *See Xiu Xia Lin*, 534 F.3d at 165-67. As an initial matter, the agency did not err in finding the record of Singh's interview to be reliable. Singh did not object to its contents. And the interview was conducted with an interpreter, the record of the interview was typewritten in question and answer format, and Singh's responses did not indicate that he was reluctant to answer questions. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009).

At his credible fear interview, Singh claimed that Hindus attacked him on account of his Sikh faith. His asylum application and his later testimony, however, differed materially: in the latter, he claimed that the attacks he

3

suffered were political, not religious, in nature.  *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 398-99 (2d Cir. 2005); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3.  Singh's explanation that "in [his] mind . . ., Hindu people [are] equal to Congress Party" was not compelling because he later admitted that he knew that the Prime Minister of India at the time was a member of the Congress Party and also a Sikh.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).  Moreover, as the IJ found, Singh's explanation negatively affected his credibility because it demonstrated a lack of political knowledge that undercut his claim that he had been active in politics since 2003.  *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (recognizing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

In its finding, the agency also reasonably relied on adverse inferences created by the striking similarities in four affidavits Singh submitted.  *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007); *Surinder Singh v.*

*BIA*, 438 F.3d 145, 148 (2d Cir. 2006). Singh submitted affidavits from his father, his wife, his village's president, and his best friend, each of which provided the same information, set out in the same order, and used strikingly similar language. As required, Singh was given an opportunity to explain these similarities, *see Matter of R-K-K-*, 26 I. & N. Dec. 658, 661 (BIA 2015), but his explanation that the similarities were not surprising because the affiants all knew what had happened was not compelling, *see Majidi*, 430 F.3d at 80.

Finally, the agency reasonably relied on similarities between Singh's hospital records as undermining his credibility. *See Mei Chai Ye*, 489 F.3d at 524. Singh first testified that the two records he submitted described treatment for different incidents (an illness and an attack), and then stated that one document was a copy of the other. Both of Singh's statements were contradicted by the documents themselves. Neither described treatment for an illness, as he first asserted. And, although very similar, the documents were not identical: one was not a copy of the other.

Given the discrepancies between the statements made by

Singh in his credible fear interview and in his asylum application, and the striking similarities in the claimed corroborating affidavits and hospital records, we conclude that substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk